IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT FRANKIE DEDMON, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
|     v. | : | |
| | : | |
| WARDEN, et al., | : | |
|     Respondents. | : | No. 16-1776 |

**REPORT AND RECOMMENDATION**

LINDA K. CARACAPPA
UNITED STATES CHIEF MAGISTRATE JUDGE

      Pending before this court is a petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated at State Correctional Institution-Coal Township, in Coal Township, Pennsylvania. For the following reasons, it is recommended that the petition be DENIED.

I.      PROCEDURAL HISTORY

      On May 20, 1982, following a jury trial presided over by the Honorable Paul Ribner of the Philadelphia County Court of Common Pleas, petitioner was convicted of first degree murder, criminal conspiracy, and possession of an instrument of crime. (CP-51-CR-1223481-1981). After post-trial motions were denied, petitioner was sentenced on January 29, 1986, to a term of life imprisonment for first degree murder, and a concurrent term five (5) to ten (10) years for criminal conspiracy, and a concurrent term of two and one half (2 ½ ) to five (5) years for possession of an instrument of crime. Id.

      Petitioner filed a direct appeal. On September 12, 1988, the Superior Court affirmed the trial court's sentence of judgment. Petitioner did not seek allowance of appeal to the Pennsylvania Supreme Court.

1

Petitioner filed several *pro se* petitions for post-conviction relief, pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. § 9541, *et seq*. Petitioner initially filed three PCRA petitions on June 20, 1994, January 13, 1995, and March 12, 1996. The court treated all three *pro se* PCRA petitions as one petition. Counsel was appointed and subsequently filed a no merit letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988), along with a motion to withdraw.[1] On October 3, 1996, the court notified petitioner of its intent to dismiss pursuant to PA.R.Crim.P. 907. On October 16, 1996, the PCRA court dismissed petitioner's petition and permitted counsel to withdraw.

Approximately twelve years later, on August 22, 2008, petitioner filed another *pro se* PCRA petition. The PCRA court dismissed the petition as untimely on July 5, 2011. See CP-51-CR-1223481-1981. On April 14, 2012 petitioner filed a pro se "Petition for Common Law Habeas Corpus Relief", which the court treated as another PCRA petition. On September 26, 2012, the PCRA court dismissed the petition as untimely. Id.

On March 19, 2014, petitioner filed the instant habeas petition in the Middle District of Pennsylvania. The Middle District of Pennsylvania ordered that the petition be transferred to this court in the Eastern District of Pennsylvania. The case was not actually transferred to this court until April 12, 2016.

Respondents assert that this petition is time-barred, and must be dismissed, as petitioner is not entitled to habeas review or relief. We agree.

---

[1] Pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988), appointed counsel in a post-conviction proceeding may be given leave to withdraw upon the submission of a "no-merit" letter that details the nature and extent of counsel's review of the case, lists each issue the petitioner wished to have reviewed, and explains counsel's assessment that the case lacks merit. The court must also conduct an independent review of the record and must agree with counsel that the petition is meritless before dismissing the petition.

I.   TIMELINESS

    A. Statutory Tolling

Petitioner's allegations of substantive grounds for relief need not be examined, as these claims are barred by the procedural obstacle of timeliness. A strict one-year time limitation on the filing of new petitions is set forth in the federal habeas statute, 28 U.S.C. § 2241, *et seq.*, which was amended under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted on April 24, 1996. Section 2244(d) of the AEDPA provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by the state action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(1996).

This statute also creates a tolling exception whereby "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A "properly filed application" is "one submitted according to the state's procedural requirements, such as the rules governing the time and place

of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998).  If petitioner files an untimely application and the state court dismisses it as time-barred, then it is not deemed to be a "properly filed application" for tolling purposes.  Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003).

In the instant matter, the Superior Court affirmed petitioner's judgment of sentence on September 12, 1988.  Petitioner did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.  Accordingly, petitioner's conviction became final on October 12, 1988, at the expiration of petitioner's thirty day limit for filing a timely petition for allowance of appeal.  However, since petitioner's conviction became final before the enactment of the AEDPA, petitioner had one year from the date of the AEDPA's enactment on April 24, 1996 to file a timely habeas petition under § 2244(d)(1)(A).  See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).  Thus, absent tolling of the limitation period, petitioner had until April 24, 1997 to file a habeas petition.

At the time of the enactment of the AEDPA petitioner had a pending timely PCRA petition.[2]  The one-year statute of limitations under the AEDPA was tolled during the pendency of petitioner's timely PCRA petition.  The PCRA court denied petitioner's PCRA petition on October 16, 1996.  Petitioner did appeal the denial of the PCRA petition.  Thus, petitioner's collateral appeal concluded thirty days after the denial of his PCRA petition, on November 15, 1996.  Pa.R.App.Proc. 903(a).  Petitioner's one year statute of limitations to file a timely habeas petition began to run on November 15, 1996, with 365 days still remaining. Petitioner had until November 15, 1997 to file a timely habeas petition.  Although petitioner filed a PCRA petition on August 22, 2008 and July 5, 2011, those petitions were dismissed as untimely by the PCRA court.  An untimely PCRA petition does not toll the statute of limitations

---

[2] Petitioner's June 20, 1994, January 13, 1995, and March 12, 1996 PCRA petitions were treated as one timely PCRA petition under 42 PA.C.S. § 9545 which created a PCRA one year grace period on January 16, 1996.

because the petition is not "properly filed."  See Merrit, 326 F.3d at 165-66.  Petitioner did not file the instant habeas petition until March 14, 2014, over sixteen years after the habeas statute of limitations expired.  As such, we find petitioner's habeas petition is untimely and should be dismissed as such.

    B.    Equitable Tolling

Although statutory tolling does not sufficiently toll the habeas limitations period in this case, it is possible that equitable tolling may enable petitioner to overcome the one year habeas limitations period.  The Third Circuit has held that the statute of limitations in the AEDPA is subject to equitable tolling.  Merrit, 326 F.3d at 168.  Equitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair."  Id. (quotation omitted).  The petitioner "must show that he or she exercised reasonable diligence in investigating and bringing [the] claims.  Mere excusable neglect is not sufficient."  Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-619 (3d Cir. 1998)(internal quotation omitted).  The Third Circuit has set forth three circumstances permitting equitable tolling: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum.  Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (internal quotations omitted).  "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001), *cert. denied*, 122 S. Ct. 323 (2001) (citing cases).  To otherwise apply equity would lose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation."  Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Petitioner appears to argue that petitioner's appellate counsel abandoned petitioner, and petitioner was unfamiliar with habeas laws and procedures. Additionally, in petitioner's "addendum challenging the defendant's brief" petitioner argues that there is newly discovered evidence that should excuse petitioner's untimeliness. Petitioner's argument is not clear but it appears that petitioner is arguing that he never received a signed judgment of sentence document, thus petitioner's judgment could not have been considered final for habeas timeline purposes. Petitioner claims the fact that he never received the signed judgment of sentence is newly discovered by petitioner. However, petitioner did not exercise reasonable diligence in bringing his federal habeas claims, and has not proven that anything prevented petitioner from filing a timely petition. See New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997) (noting to invoke equitable tolling, party must show it exercised reasonable diligence in investigating and bringing its claims). "A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the case." Ross v. Varano, 712 F.3d 784, 799 (3d Cir. 2013). Petitioner's habeas petition is untimely by approximately sixteen years. Petitioner does not provide any justifiable reasons for said delay, and a mistake as to the deadline, whether made by an attorney or a *pro se* petitioner, is not grounds for equitable tolling. See, e.g., Ross, 712 F.3d at 799-800 (noting prisoner proceeding pro se not insulated from "reasonable diligence" inquiry and lack of legal knowledge or training does not alone justify equitable tolling). As such, petitioner has failed to show he diligently pursued his rights and some extraordinary circumstance stood in petitioner's way. Therefore, we decline to exercise our equitable tolling powers and reiterate that petitioner's request for habeas corpus relief is time-barred.

Therefore, we make the following:

RECOMMENDATION

AND NOW, this 31st day of August 2016, IT IS RESPECTFULLY RECOMMENDED that the petition for Writ of Habeas Corpus be DISMISSED.  Further, there is no probable cause to issue a certificate of appealability.

BY THE COURT:


 /s/ LINDA K. CARACAPPA
LINDA K. CARACAPPA
UNITED STATES CHIEF MAGISTRATE JUDGE