IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT FRANKIE DEDMON, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 16-1776 |
| | : | |
| v. | : | |
| | : | |
| WARDEN, et al., | : | |
| | : | |
| Respondents. | : | |

**ORDER**

**AND NOW**, this 11th day of October, 2016, after carefully considering the petition for habeas corpus under 28 U.S.C. § 2254 filed by the petitioner *pro se*, Robert Frankie Dedmon (Doc. No. 1-1), the state court record, the response to the petition filed by the respondents (Doc. No. 5), the addendum challenging the respondent's brief and newly discovered evidence by the petitioner (Doc. No. 8), and United States Magistrate Judge Linda K. Caracappa's report and recommendation filed on August 31, 2016 (Doc. No. 9); and no party having filed written objections to the report and recommendation; accordingly, it is hereby **ORDERED** as follows:

1. The clerk of court is **DIRECTED** to remove this action from civil suspense;

2. The report and recommendation (Doc. No. 9) is **APPROVED** and **ADOPTED**;[1]

---

[1] As indicated above, the petitioner has not filed written objections to the report and recommendation despite more than 40 days having passed since Judge Caracappa filed the report and recommendation. Since neither party has filed objections to Judge Caracappa's report and recommendation, the court need not review the report before adopting it. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). Nonetheless, "the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Id.* As such, the court will review the report for plain error. *See Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection, . . . this Court will review [the magistrate judge's] Report and Recommendation for clear error." (internal quotation marks omitted)). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court has reviewed Judge Caracappa's report for plain error and has found none.

   The court notes that in the respondents brief, the respondents address whether the petitioner has attempted to assert an actual innocence exception to the time bar. *See* Response to Pet. For Writ of Habeas Corpus ("Resp.") at 8-11. The respondents point out that the petitioner did not include such an argument in his petition; instead, the petitioner references his actual innocence in a 2012 Writ of Habeas Corpus that he filed in the Court of Common Pleas of Philadelphia County and attaches to his 2014 petition. *See id.* at 8; *see also* Doc. No. 1-1 at ECF p. 16. The

3.      The petition for writ of habeas corpus is **DENIED** and **DISMISSED** as time-barred under 28 U.S.C. § 2241(d)(1);

4.      The petitioner has not made a substantial showing of the denial of a constitutional right and is therefore not entitled to a certificate of appealability, 28 U.S.C. § 2253(c)(2); and

5.      The clerk of court shall mark this case as **CLOSED**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

respondents argue that the court should not even consider this attachment as part of the petitioner's 2014 habeas filing, but even if the court would consider it, the petition has not satisfied his "extremely high burden" to warrant application of this exception because (1) he fails to present any new or reliable evidence to show that "no reasonable juror — not even one — would have found him guilty," and (2) he was aware of the factual basis for his arguments more than 30 years ago. *See* Resp. at 8-11. In the petitioner's addendum challenging the respondent's brief, he did not address the respondent's argument that he failed to raise an actual innocence claim in his petition, and in fact, made no reference to actual innocence whatsoever. *See* Addendum Challenging the Def.'s Brief and Newly Discovered Evid. by the Pet. at 1-2.

    Magistrate Judge Caracappa did not address any claim of actual innocence in the analysis of whether any exceptions to the time bar applied. The petitioner has not objected to Judge Caracappa declining to address such a claim. Presumably, Judge Caracappa did not address it because the petition did not property raise it. The court agrees that it does not appear that the petitioner has asserted such a claim here.

    Nevertheless, even if the petitioner had asserted actual innocence in his federal habeas corpus petition, he has failed to sustain such a claim. A petitioner's claim of actual innocence provides a gateway to federal habeas review of an otherwise time-barred claim only if the petitioner "persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (internal quotations and citations omitted). Here, the petitioner has presented no **new** evidence of innocence. Indeed, his "evidence" consists of new arguments that he now seeks to assert. In addition, the petitioner waited numerous years to file the instant petition, a fact that further undermines any actual innocence claim. *See id.* at 1936 ("The timing of such a petition … should seriously undermine the credibility of the actual-innocence claim.").